IN THE UNITED STATES DISTRICT COURT
NORTERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FIRST MERCURY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) Case No.: 1:19-cv-4528 ) |
| TRANSCO PRODUCTS, INC., DONALD and JEANETTE FIELD. | ) ) ) |
| Defendants. | ) ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, First Mercury Insurance Company ("First Mercury"), by and through its undersigned counsel, as and for its Complaint for Declaratory Judgment against Defendants, Transco Products, Inc. ("Transco") and Donald and Jeanette Field, states as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201. In this action, First Mercury seeks a determination of its rights and obligations under an insurance policy issued to Transco in connection with an underlying lawsuit filed by Donald and Jeanette Field, which asserts certain claims against Transco.

**JURISDICTION AND VENUE**

2. This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

4. Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(a) as Defendant Transco resides in the Northern District of Illinois.

5. Plaintiff First Mercury is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Morristown, New Jersey. At all relevant times, First Mercury was authorized to conduct business in the State of Illinois.

6. Defendant Transco Products, Inc. is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 55 E Jackson Blvd Suite 2100 Chicago, IL.

7. Defendants Donald and Jeanette Field are individuals who are citizens of and are domiciled in the state of Illinois.

8. The Underlying Action (as defined herein) is pending in the Circuit Court of Madison County, Illinois.

9. First Mercury issued insurance policies to Transco, as described more fully below.

10. The scope of the coverage available to the Transco under those policies is governed by the terms, conditions, and exclusions of the policies.

## THE UNDERLYING ACTION

11. On March 22, 2019, Donald and Jeanette Field filed a complaint (the "Complaint") in a lawsuit styled *Donald Field and Jeanette Field v. A.O. Smith et al.*, Case No. 19-L-401 (the "Underlying Action") in the Circuit Court of Madison County, Illinois. A true and correct copy of the Complaint in the Underlying Action is attached hereto as Exhibit A.

12. The Complaint generally alleges that Donald Field was employed from 1957 to 1996 as an ironworker at various locations throughout the United States including, but not limited to, locations in the State of Illinois. Exhibit A, p. 3.

13. The Complaint alleges that, from 1957 to 1979, Donald Field was exposed to asbestos containing materials and products at sites/facilities located in Illinois. The Complaint

further alleges that each of the named defendants in the Underlying Action, including Transco, directly and/or indirectly manufactured, sold, distributed, marketed, designed, promoted, installed, removed and/or otherwise used asbestos and asbestos-containing materials and products. Ex. A, ps. 3-5.

14. The Complaint alleges that Transco served as a contractor and/or subcontractor at one or more sites/facilities at which Donald Field was present and was exposed to asbestos from materials/products/equipment used and/or distributed by Transco and/or conditions created by such use. Ex. A, ps. 7-8.

15. The Complaint further alleges that, from 1957 to 1979, Donald Field worked with and around such "materials, products, equipment, conditions and activities" and was thereby exposed to, inhaled, ingested and otherwise absorbed asbestos and asbestos fibers from such sources, and further alleges that said exposure was foreseeable and could or should have been anticipated by the defendants. Ex. A, p. 8.

16. The Complaint alleges that the named defendants in the Underlying Action, including Transco, knew or should have known that "asbestos is toxic, poisonous and has a deleterious effect on the health of person exposed thereto", and that "exposure to asbestos posed an unreasonable risk of harm to [] Donald Field". The Complaint further alleges that, as a direct and proximate result of the above-described cumulative exposure to asbestos, Donald Field contracted and now suffers from asbestos-related diseases including, but not limited to, Mesothelioma. Ex. A, ps. 8-9.

17. The Complaint further alleges that Donald Field first became aware of his alleged disease on or about January 30, 2019. The Complaint includes counts for negligence and willful and wanton misconduct asserted against Transco by Donald Field, and counts asserted by Jeanette

Field for loss of consortium. Each count seeks compensatory damages in excess of $50,000, costs, pre-judgment interest, post-judgment interest, and such other relief the court deems appropriate. Ex. A, p. 9.

## THE POLICIES

18. First Mercury Insurance Company issued policies NY-CGL-0000008297-01 (effective March 31, 2012 to March 31, 2013), NY-CGL-0000008297-02 (effective March 31, 2013 to March 31, 2014), and NY-CGL-0000008297-03 (effective March 31, 2014 to March 31, 2015) (collectively, the "Policies") to named insured Transco Products, Inc. The Policies each provided Commercial General Liability insurance with limits of liability of $1,000,000 Each Occurrence and a $2,000,000 aggregate for products/completed operations. True and correct copies of the Policies are attached hereto as, respectively, Exhibits B, C, and D. The Policies contain substantially similar language, which is set forth below per policy NY-CGL-0000008297-01.

19. The Commercial General Liability Coverage Form (Form CG 00 01 12 07) of the Policies provides, in pertinent part, as follows:

> **SECTION I - COVERAGES**
> **COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> **1. Insuring Agreement**
>
> > **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
> >
> > (1) The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

**b.** This insurance applies to "bodily injury" and "property damage" only if:

**(1)** The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(2)** The "bodily injury" or "property damage" occurs during the policy period; and

* * *

Ex. B, p. 5.

20. The Policies include an endorsement entitled Hazardous Materials Exclusion (Form number FMIC-GL-2077 (04/2011)), which provides, in pertinent part, as follows:

**HAZARDOUS MATERIALS EXCLUSION**

This endorsement modifies insurance provided under the following:

**COMMERCIAL GENERAL LIABILITY COVERAGE PART**

* * *

A. **SECTION I – COVERAGES, COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, 2. Exclusions**, and **SECTION I – COVERAGES, COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY,** 2. **Exclusions,** and **SECTION 1 – COVERAGES, PRODUCTS/COMPLETED OPERATIONS BODILY INJURY AND PROPERTY DAMAGE LIABILITY**, 2. **Exclusions,** and **SECTION I – COVERAGES BODILY INJURY AND PROPERTY DAMAGE LIABILITY** are amended and the following Exclusion is added:

This insurance does not apply to:

**Hazardous Materials**

**(1)** "Bodily injury," "property damage" or "personal and advertising injury" which would not have occurred in whole or part but for the actual, alleged or threatened discharge, ingestion, inhalation, dispersal, seepage, migration, release or escape of "hazardous materials" at any time.

5

\* \* \*

**(3)** Any obligations to share damages with or indemnify another party whom must pay damages because of injury or damage relating to "hazardous materials."

**(4)** Any supervision, instructions, recommendations, warning or advice given or which should have been given in connection with paragraphs **(1), (2),** or **(3)** above.

This exclusion applies whether or not such "hazardous material(s)" has any function in your business, operations, premises, site or location.

B. **SECTION V – DEFINITIONS** is amended and the following added:

"**Hazardous materials**" means "pollutants," and materials that are radioactive, corrosive, oxidizers, asphyxiates, biohazardous, toxic, pathogen or allergen substances and organisms, lead, asbestos, silica and materials containing them.

**ALL OTHER TERMS AND CONDITIONS OF THE POLICY REMAIN UNCHANGED.**

\* \* \*

Ex. B, p. 51

21. The Definitions section of the Policies contains the following relevant definitions:

**SECTION V – DEFINITIONS**

\* \* \*

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

\* \* \*

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

15. "Pollutants" mean any solid, liquid, gaseous or thermal irritant or containment, including smoke vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

\* \* \*

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged. "Suit" includes:

   a. An arbitration proceeding in which such damages are claimed and to which the insured must submit or does submit with our consent; or

   b. Any other alternative dispute resolution proceeding in which such damages are claimed and to which the insured submits with our consent.

Ex. B, ps. 17-19.

## THIS DISPUTE

22. Transco has sought a defense and indemnity from First Mercury under the Policies in connection with the claims asserted against it in the Complaint filed in the Underlying Action.

23. First Mercury has determined through its coverage investigation that it owes no obligation to defend or indemnify Transco in connection with the claims asserted against it in the Complaint in the Underlying Action.

24. First Mercury has advised Transco in writing that it disclaims any obligation under the Policy to provide a defense to or indemnify it in connection with the claims asserted against it in the Complaint in the Underlying Action.

25. First Mercury now brings this action to obtain a judicial declaration that it owes no duties under the Policies to defend or indemnify Transco in connection with the claims asserted against it in the Complaint in the Underlying Action.

## COUNT I
### (Against Defendant Transco Products, Inc.)

26. First Mercury incorporates by reference herein paragraphs 1 through 25, as if the same were fully set forth at length.

27. Pursuant to the operation of the Hazardous Materials exclusion, the insurance

provided under the Policies does not apply to "'bodily injury' . . . which would not have occurred in whole or part but for the actual, alleged or threatened discharge, ingestion, inhalation, dispersal, seepage, migration, release or escape of 'hazardous materials' at any time". Ex. B, p. 51.

28.     The Hazardous Materials exclusion defines "Hazardous Materials" to mean "'pollutants,' and materials that are radioactive, corrosive, oxidizers, asphyxiants, biohazardous, toxic, pathogen or allergen substances and organisms, lead, *asbestos*, silica and materials containing them". (*emphasis added*). Ex. B, p. 51.

29.     The Hazardous Materials exclusion further provides that the insurance provided under the Policies does not apply to "[a]ny obligations to share damages with or indemnify another party whom must pay damages because of injury or damage relating to 'hazardous materials'" or "[a]ny supervision, instructions, recommendations, warning or advice given or which should have been given in connection with paragraphs **(1), (2),** or **(3)** above". Ex. B, p. 51.

30.     The Policies further define "bodily injury" to mean "bodily injury, sickness or disease sustained by a person, including death resulting from any of these ay any time". Ex. B, p. 17.

31.     The Complaint alleges that, as a result of Donald Field's exposure to cumulative inhalation, ingestion, or absorption of asbestos allegedly used, maintained, produced, or distributed by, *inter alia,* Transco, Donald Field contracted and suffers from asbestos-related diseases including, but not limited to, Mesothelioma. Ex. A, p. 9.

32.     The Hazardous Materials Exclusion provides that the insurance provided under the Policies does not apply to "bodily injury" which would not have occurred in whole or part but for the "ingestion" or "inhalation" of "hazardous materials", which is defined to specifically include asbestos. Ex. B, p. 51.

33. The claims asserted in the Underlying Action seek to impose liability on Transco for "bodily injury" allegedly sustained by Donald Field as a result of his alleged exposure to "hazardous materials" and, thus, fall squarely within the scope of the Hazardous Materials exclusion contained in the Policies.

34. Accordingly, because the claims in the Underlying Action seek to impose liability against Transco for "bodily injury" sustained by Donald Field as a result of his "inhalation" or "ingestion" of "hazardous materials", coverage under the Policies for such claims is precluded by operation of the Hazardous Materials Exclusion and First Mercury's defense and indemnity obligations have not been triggered with respect to such claims.

35. The Complaint further alleges that Transco Products, Inc. "had feasible means by which to convey warnings, hazard communications and other necessary health-related information to those using and/or working with and/or around" asbestos and asbestos-containing materials. Ex. A, p. 9.

36. The Hazardous Materials Exclusion provides that the insurance provided under the Policies does not apply to any claims seeking to impose liability against Transco based on "supervision", "recommendations", "warnings" or "advice" "which should have been given" in connection with, *inter alia*, "bodily injury" caused by "inhalation" of "hazardous materials". Ex. B, p. 51.

37. Accordingly, to the extent the Complaint seeks to impose liability against Transco for "bodily injury" sustained by Donald Field resulting from any alleged failure to convey warnings regarding using and/or working with and/or around asbestos and asbestos-containing materials, the Hazardous Materials Exclusion precludes coverage and First Mercury's defense and indemnity obligations under the Policies have not been triggered with respect to such claims.

WHEREFORE, First Mercury seeks a judgment that it owes no duty under the Policies to defend or indemnify Transco Products, Inc. in connection with the claims asserted against it in the Complaint in the Underlying Action.

## PRAYER FOR RELIEF

Plaintiff First Mercury Insurance Company hereby respectfully requests the entry of an order and judgment in its favor and against Defendants Transco Products, Inc. and Donald and Jeanette Field, declaring as follows:

a. This court has jurisdiction over the parties and the subject matter of this litigation;

b. The Policy does not provide coverage to Defendant Transco Products, Inc. for the claims asserted against it in the Complaint in the Underlying Action;

c. First Mercury does not owe a duty under the Policy to defend Defendant Transco Products, Inc. or reimburse defense costs incurred by Defendant Transco Products, Inc. in connection with the claims asserted against it in the Complaint in the Underlying Action;

d. First Mercury does not owe a duty under the Policy to indemnify Defendant Transco Products, Inc. in connection with the claims asserted against it in the Complaint in the Underlying Action;

e. First Mercury is entitled to an award of its costs; and

f. Such other further relief as this Court deems just and appropriate.

Respectfully Submitted,

FIRST MERCURY INSURANCE COMPANY

Dated: July 3, 2019

By: */s/ James J. Hickey*
James J. Hickey
One of the Attorneys for Plaintiff
First Mercury Insurance Company

James J. Hickey,
James.Hickey@kennedyslaw.com

Xavier Vergara
Xavier.Vergara@kennedyslaw.com
KENNEDYS CMK
100 North Riverside Plaza, Suite 2100
Chicago, IL 60606
Phone: (312) 800-5000
Fax: (312) 207-2110